GERARDO GARDUNO, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 323, 2009.
Supreme Court of Delaware.
Submitted: September 25, 2009.
Decided: October 27, 2009.
Before HOLLAND, BERGER and JACOBS, Justices

ORDER
CAROLYN BERGER, Justice.
This 27th day of October 2009, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The defendant-appellant, Gerardo Garduno, filed an appeal from the Superior Court's May 14, 2009 order summarily dismissing his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we affirm.
(2) In January 2004, Garduno was charged with four counts of Rape in the First Degree, three counts of Unlawful Sexual Contact in the Second Degree, Sexual Solicitation of a Child, Continuous Sexual Abuse of a Child, and Attempted Rape in the Second Degree. In June 2004, Garduno pleaded guilty to one count of Attempted Rape in the Second Degree and one count of Sexual Solicitation of a Child. He was sentenced to 15 years at Level V, to be suspended after 10 years, on the rape conviction and, on the solicitation conviction, to 1 year at Level V, to be followed by 6 months at Level IV and 1 year at Level III probation. Garduno did not file a direct appeal of his convictions. His two subsequent motions for sentence modification were denied by the Superior Court.
(3) In this appeal from the Superior Court's summary dismissal of his postconviction motion, Garduno makes a number of claims that may fairly be summarized as follows. His constitutional rights were violated a) when the police detective tricked him into giving a confession before the Mexican Consulate could provide him with an attorney; and b) when his appointed attorney advised him to enter guilty pleas based upon his coerced confession. To the extent that Garduno has not argued other grounds to support his appeal that were raised previously, those grounds are deemed to be waived and will not be addressed by this Court.[1]
(4) In postconviction proceedings, the Superior Court must first consider whether the procedural requirements of Rule 61(i) have been met before addressing the merits of the movant's claims.[2] Here, the record reflects that Garduno's claims are both time-barred under Rule 61(i)(1) and procedurally defaulted under Rule 61(i)(3). Garduno argues that his claims should, nevertheless, be considered under Rule 61(i)(5), which renders the procedural bars inapplicable to colorable claims of a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.
(5) Garduno bases his argument of a miscarriage of justice upon the following unsupported factual assertions: a) the police detective who questioned Garduno told him that the Mexican Consulate would not help him and that, if he wanted to go back to Mexico, he would have to sign a confession; and b) Garduno told his appointed counsel that the police detective never attempted to contact the Mexican Consulate on his behalf, but his counsel never brought that fact to the attention of the Superior Court, thereby coercing his guilty plea.
(6) The record before us does not support the version of events asserted by Garduno. Rather, the police report reflects that, after Garduno was arrested and taken to the police station, he requested that the Mexican Consulate be contacted. The police detective placed a telephone call to the consulate in Philadelphia. After being connected to an answering service, the detective left a message. The detective then advised Garduno of his Miranda rights, at which point Garduno refused to say anything further. As Garduno was being taken to a holding cell, however, he asked the detective to confirm what the charges were. When told he was accused of rape, Garduno said that he wanted to tell the detective what really happened. After again being advised of his Miranda rights, in Spanish, Garduno admitted that he had fondled the victim, but had not penetrated her. Given the absence of any support for Garduno's claim of a coerced confession, we conclude that he cannot overcome Rule 61's procedural bars. The Superior Court's judgment must, therefore, be affirmed.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993). In his postconviction motion filed in the Superior Court, Garduno also argued that the State improperly did not release exculpatory evidence in its possession until after he entered his guilty plea.
[2] Younger v. State, 580 A.2d 552, 554 (Del. 1990).